UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOWARD STEELE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:23-cv-00409-JMS-TAB |
| ) | |
| MARK SEVIER, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus for Lack of Jurisdiction
and Directing Entry of Final Judgment**

Petitioner Howard Steele filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1994 criminal convictions in cause number 49D29-9302-CF-018105, formerly 49G03-9302-CF-018105. Dkt. 1. For the reasons explained in this Order, the Court **dismisses** Mr. Steele's § 2254 petition for **lack of jurisdiction** and **directs the clerk** to enter final judgment.

**I.     Dismissal of Petition**

Mr. Steele previously challenged his conviction in this Court. *See Steele v. Hanks*, No. TH 01-161-C-T/F (S.D. Ind. Jan. 14, 2002) (dismissed with prejudice; no appeal or other post-judgment filing was made in this case); *Steele v. Hanks*, No. 2:04-cv-00058-JDT-WTL (dismissed on Mar. 23, 2004, for lack of jurisdiction as second or successive habeas petition).

The Court explained that when there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review, a petitioner requires permission from the Seventh Circuit Court of Appeals under 28 U.S.C. § 2244(b). *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v.*

*Turpin*, 518 U.S. 651, 657 (1996). It "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.* Thus, the Court ordered Mr. Steele to show cause why his petition should not be dismissed as successive. Dkt. 6.

Mr. Steele timely responded to the Court's show cause order stating that he "is innocent of being a habitual offender, the state's own evidence proves it, and [he] should be allowed to prove it." Dkt. 11 at 1. He argues that his petition filed in this Court in 2002 "should have been granted due to the facts of the evidence which showed that the petitioner is innocent." *Id.* He then describes litigation efforts he has taken at the state level—filing of a motion to correct an erroneous sentence, a request to file a successive post-conviction petition, a request to file a state habeas corpus petition with the state supreme court, all of which were unsuccessful. *Id.* at 1-4. Mr. Steele states he "has no other choice but to ask the federal court to hear his complaints. The lower courts [know] they are wrong [and] the evidence proves the petitioner is innocent." *Id.* at 4.

Nothing in his response indicates that Mr. Steele sought permission from the Seventh Circuit Court of Appeals to pursue a successive petition. Accordingly, Mr. Steele's current §2254 petition must be summarily **dismissed for lack of jurisdiction** because it is a second or successive action for relief on the same conviction that he challenged first in 2002, and again in 2004, in this Court. This disposition is compelled entirely apart from whether Mr. Steele has or lacks a strong case for filing a successive § 2254 petition. That is a point on which the Court expresses no opinion and into which it has no authority to inquire. If Mr. Steele wishes to pursue his claims, he must file a request to do so in the Seventh Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

## II.     Conclusion and Certificate of Appealability

Because this Court lacks jurisdiction over Mr. Steele's petition for a writ of habeas corpus, this action is **dismissed for lack of jurisdiction**. Judgment consistent with this Order shall now issue.

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Court requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court finds that jurists of reason would not disagree with the Court's conclusion that it lacks jurisdiction over Mr. Steele's habeas petition.

Therefore, the Court **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 5/24/2023

*signature*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

HOWARD STEELE
875796
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362